Christian J. Jensen, Esq. (CJ 1331)
OLENDERFELDMAN LLP
1180 Avenue of the Americas, 8th Floor
New York, New York 10036
(908) 964-2485
*Attorneys for Plaintiff Theorem, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEOREM, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITRUSBYTE, LLC (d/b/a Theorem), <br><br> Defendant. | **Civil Action No.** <br><br> **Civil Action** <br><br> **COMPLAINT** |

Plaintiff Theorem, Inc. ("Plaintiff"), by way of Complaint against Defendant Citrusbyte,
LLC (d/b/a Theorem) ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff and Defendant provide technology and information systems consulting
services.  Plaintiff brings this action under the Lanham Act and the common and statutory law of
the State of New York seeking recompense for Defendant's intentional infringement of Plaintiff's
trademark and goodwill, as well as its unfair competition with Plaintiff.  Defendant's intentional
infringement of Plaintiff's trademark and attempts to trade on Plaintiff's name and reputation has
caused Plaintiff to suffer significant and irreparable damage.

### THE PARTIES

2.      Plaintiff is a corporation organized under the laws of Delaware with its
headquarters located at 26 Main Street, 3rd Floor, Chatham, New Jersey 07928.

3.     Defendant is a limited liability company organized under the laws of California with its headquarters located at 1647 Otsego Street, Encino, California 91436.   Defendant maintains and actively promotes its office in New York City located at 33 Irving Place, New York, NY 10003.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338, 15 U.S.C. § 1121, and 28 U.S.C. § 1367.

5.     Venue is appropriate because a substantial part of the cause of action accrued in this District pursuant to 28 U.S.C. § 1391.  Plaintiff conducts extensive business in this District. For example, Plaintiff (a) has leased office space in New York City, and (b) has employees working at client sites in New York City on a near-daily basis.  Defendant has used the infringing marks in this District, and further, actively solicits potential clients and employees in this District.

## FACTS COMMON TO ALL COUNTS

### A.  **Plaintiff and the "Theorem Trademarks"**

6.     Plaintiff provides digital marketing and computer and technology consulting services in the field of analysis, design, implementation and support of computer-based information systems and technologies to clients around the world.

7.     In connection with its business, Plaintiff developed its word mark and brand name "THEOREM."

8.     Additionally, Theorem developed a logo which collectively with its word mark constitute the "Theorem Trademarks."

9.     Plaintiff has continuously operated its business under the Theorem Trademarks and used same on a national level in interstate commerce on its website, promotional materials, and social media materials, since January 2002.

10.     Since January 2002, Plaintiff has expended significant sums in the promotion of the Theorem Trademarks and its business.

11.     Consistent with its extensive use of the Theorem Trademarks in interstate commerce, on June 6, 2006 Plaintiff registered the Theorem Trademarks with the United States Patent and Trademark Office ("USPTO") under Reg. No. 3100152.  A copy of the Certificate of Registration is attached as **Exhibit 1**.

12.     Thereafter, Plaintiff continued to use and protect the Theorem Trademarks and on July 19, 2011, the USPTO accepted Plaintiff's Declaration of Incontestability.

13.     The determination of incontestability evidences, among other factors, the Theorem Trademarks' validity, Plaintiff's ownership of the Theorem Trademarks, and Plaintiff's exclusive rights to use the Theorem Trademarks.

14.     Plaintiff has used and continues to use the Theorem Trademarks in commerce at present and vigorously protects same.

**B.  Defendant Infringes The Theorem Trademarks.**

15.     Defendant is a company that "advises clients on product strategy, engineering, design, and culture, then partners with them to build and launch technology-driven solutions to their most complex problems."

16.     As Defendant provides digital strategy and technology-related consulting services, Defendant competes in the same industry as Plaintiff.

17.     From 2006 to 2018, Defendant operated under the tradename "Citrusbyte," and registered its trademark related to same (Registration No. 4099049).

18.     Ostensibly, at some point prior to 2018, Defendant determined its efforts to develop business under the "Citrusbyte" label were not working.

19.     Rather than develop new business and branding through traditional channels and effort, Defendant instead tried to improperly shortcut the process and trade on the goodwill, reputation, and intellectual property of an industry leader, Theorem.

20.     As a first step to infringe and trade on the assets of Plaintiff, on February 26, 2018, Defendant filed a trademark application (Serial No. 87811296) with the USPTO, seeking to register a word mark of "THEOREM."

21.     On June 18, 2018, the USPTO instituted an office action correctly citing the existence of Theorem and the Theorem Trademarks and the likelihood of confusion if Citrusbyte obtained its requested mark.

22.     Nevertheless, despite Theorem's registration of the Theorem Trademarks, continued use of same since 2002, and its own abandonment of its efforts to register its "THEOREM" trademark, Citrusbyte continued with its infringing "rebranding" efforts.

23.     In doing so, Defendant continued to infringe the Theorem Trademarks and unfairly compete with Plaintiff.

24.     Indeed, on March 19, 2019, Defendant announced via a post on the website Linkedin.com that it was rebranding from "Citrusbyte" to "Theorem."  A copy of the Linkedin.com posting is attached as **Exhibit 2**.

25.     Upon learning of the aforementioned post, Plaintiff further investigated and uncovered job listings by Defendant (including job listings seeking to hire employees for

Defendant's New York office) that intentionally infringe the Theorem Trademarks including, but not limited to, use of a logo that contains the Theorem name and a design that is intentionally similar to Theorem's own logo and intellectual property.

26.     Plaintiff has used the logo since 2002 and Defendant's use of a similar logo is yet another example of Defendant's infringement.

27.     As further evidence of Defendant's infringement and efforts to unfairly compete with Plaintiff and trade on its good name, Defendant created an internet domain name, "theorem.co" (the "Infringing Domain"), that improperly utilizes Plaintiff's legal name and utilizes the Theorem Trademarks.

28.     Upon discovery of the aforementioned conduct, on April 1, 2019, Plaintiff demanded through counsel that Defendant cease and desist use of the Theorem Trademarks and immediately transfer the Infringing Domain to Plaintiff.  Defendant refused.

29.     Defendant, despite Plaintiff's numerous demands, continues its unfair competition and infringement of the Theorem Trademarks resulting in damage to Plaintiff and the Theorem Trademarks.

30.     Indeed, in July 2019, a Fortune 500 company (whose identity is withheld to protect Plaintiff's business relationships) presented a demo to Plaintiff.  In tailoring the demo for Plaintiff, the multi-national company confused Plaintiff and Defendant by utilizing the Defendant's infringing logo—ostensibly believing it was that of Plaintiff's.

## FIRST COUNT

## FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114

31.     Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

32.     The Theorem Trademarks are valid, incontestable, and protectable trademarks.

33.     Plaintiff is the owner of the Theorem Trademarks.

34.     Defendant's use of the Theorem Trademarks without Plaintiff's consent constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public as to the source, approval or sponsorship of the goods and services bearing the Theorem Trademarks.

35.     Defendant's acts are knowing and intentional as Defendant was on notice of Plaintiff's valuable trademark rights and has willfully and intentionally refused to cease and desist in the use of the Theorem Trademarks.

36.     Such conduct on the part of Defendant has injured Plaintiff in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## SECOND COUNT

## FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)

37.     Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

38.     Theorem owns the incontestable Theorem Trademarks.

39.     Defendant's actions of using the Theorem Trademarks owned by Plaintiff in interstate commerce, without the consent of Plaintiff, is a false designation of origin, and has caused and continues to cause confusion, mistake, and deception in the minds of the public.

40.     Defendant's use of the Theorem Trademarks is a false designation of origin, in interstate commerce, and has infringed Plaintiff's trademark rights.

41.     Based on Defendant's prior knowledge of Plaintiff's mark, Defendant's actions have been knowing, intentional, wanton, and willful, entitling Plaintiff to money damages, treble damages, profits, attorney's fees, and the costs of this action.

42.     By reason of the foregoing, such conduct on the part of Defendant has injured Plaintiff in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## THIRD COUNT

## UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

43.     Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

44.     Defendant's use of the Theorem Trademarks constitutes a use in commerce of a false and misleading description and representation of goods and services.

45.     Defendant knows Plaintiff owns the incontestable Theorem Trademarks and utilizes same in commerce.

46.     Defendant's use of the Theorem Trademarks is likely to cause confusion and mistake amongst consumers into believing that Defendant's services are authorized by, or provided by, Plaintiff.

47.     The aforesaid acts of Defendant were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

48.     Defendant's conduct has caused, and unless retrained by this Court, will continue to cause, immediate and irreparable injury Plaintiff's business.

49.     Such conduct on the part of Defendant has injured Plaintiff in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## FOURTH COUNT

## IMPROPER USE AND REGISTRATION OF DOMAIN NAME IN VIOLATION OF 15 U.S.C. § 1125(d)

50.     Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

51.     Defendant's Infringing Domain is confusingly similar to Plaintiff's Theorem Trademarks, Plaintiff's legal name ("Theorem, Inc."), and Plaintiff's domain name (https://www.theoreminc.net/).

52.     Defendant registered and used the Infringing Domain while on notice of, and in disregard of, Plaintiff's incontestable rights in the Theorem Trademarks.

53.     Defendant registered and used the Infringing Domain in bad faith, with knowledge that (a) the domain name consistent of the legal name of Plaintiff ("Theorem") and "Theorem" is commonly used to identify Plaintiff, (b) Defendant had not previously utilized the domain name nor "Theorem" name in connection with selling its goods and/or services, and (c)  for the purpose of diverting customers seeking Plaintiff's services, including those promoted by Plaintiff, including through Plaintiff's own domain name (https://www.theoreminc.net/) for Defendant's own commercial gain.

54.     The aforesaid conduct of Defendant is likely to cause confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's Infringing Domain, and harms the goodwill represented by the Theorem Trademarks owned by Plaintiff.

55.    The aforesaid conduct of Defendant takes advantage of the renown and goodwill of the Theorem Trademarks owned by Plaintiff.

56.    Defendant's continued ownership, maintenance and use of the Infringing Domain has caused and is causing irreparable injury to Plaintiff and, unless the Court orders the forfeiture, cancellation and/or transfer of the Infringing Domain Name to Plaintiff, will continue both to damage Plaintiff and to deceive the public.

57.    Plaintiff has no adequate remedy at law.

**FIFTH COUNT**

**TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. §1125(c) AND AT COMMON LAW**

58.    Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

59.    Plaintiff is the owner of the Theorem Trademarks.

60.    Plaintiff has used and invested in the promotion of the Theorem Trademarks in interstate commerce since 2002.

61.    As a result of the duration and extent of Plaintiff's use of the Theorem Trademarks, the Theorem Trademarks are highly distinctive and has a high degree of acquired distinctiveness among consumers in its industry.

62.    Defendant's use of the mark began long after the Theorem Trademarks acquired its fame and distinctiveness.

63.    Defendant's actions as aforesaid dilute the rights and good-will that Plaintiff has obtained and created in the Theorem Trademarks and, as well, injured the business reputation of Plaintiff.

64.     Defendant's acts as stated have caused and are causing great and irreparable injury to Plaintiff, the Theorem Trademarks, and to the business and goodwill represented by Plaintiff and the Theorem Trademarks in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

## SIXTH COUNT

## UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349 AND COMMON LAW

65.     Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

66.     Defendant's conduct as aforesaid (including, but not limited to the use of the Theorem Trademarks and registration and use of the Infringing Domain) constitutes unfair methods of competition and unfair and deceptive acts and practices in the conduct of its trade in violation of New York statutory and common law.

67.     As stated in the preceding paragraphs, Defendant has, in violation of New York statutes (including New York General Business Law § 349), misappropriated the Theorem Trademarks owned by Plaintiff, brand, reputation and goodwill for its own use and to Plaintiff's detriment.

68.     By reason of the foregoing, Plaintiff has suffered and will continue to suffer substantial damages to be determined at trial, including damage to its valuable trademark rights.

## SEVENTH COUNT

## DECLARATORY JUDGMENT

69.     Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs of this Complaint as if fully set forth at length herein.

70.     By reason of the foregoing acts of Defendant, Defendant has falsely designated the origin of its services and goods in its marketing and has otherwise made false descriptions and representations of the origin of such services and goods.

71.     Defendant's unauthorized activities have created confusion among the consuming public, are likely to deceive customers of Plaintiff's services concerning the source or sponsorship of such goods and services, and will otherwise mislead the consuming public as to the origin of the goods and services sold by or on behalf of Defendant.

72.     Defendant's intentional, willful, and bad faith intent to trade on Plaintiff's good will create the false and misleading impression that Defendant is affiliated, connected, or associated with Plaintiff—through the Theorem Trademarks and otherwise.

73.     Plaintiff therefore seeks and is entitled to a Declaratory Judgment declaring that: (a) Plaintiff's Trademark is valid; (b) Defendant's infringing use and registration and use of the Infringing Domain are violative of Plaintiff's rights; (c) Defendant must immediately cease and desist use of the Theorem Trademarks; and (d) Defendant must immediately transfer the Infringing Domain to Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.     A preliminary and permanent injunction against Defendant, and the Defendant's entity's officers, agents, servants, employees, licensees and those persons in active concert or participation with them who received actual notice by personal service or otherwise:

1.     Restraining Defendant from using, registering, owning, leasing, selling or trafficking in any business name or domain name that incorporates in whole or in part the Theorem Trademarks (however spelled, whether capitalized, abbreviated, singular or plural, printed or

stylized, whether used alone or in conjunction with any word or words, and whether used in caption, text, orally, or otherwise);

2.   Restraining Defendant from infringing the Theorem Trademarks or otherwise unfairly competing with Plaintiff;

3.   Restraining Defendant from using in connection with any of Defendant's activities any false or deceptive designation, representation, or description of Defendant or any of its activities, whether by symbols or words or statements, which would damage or injure Plaintiff's interests or rights in its Theorem Trademarks or give Defendant an unfair, competitive advantage in the marketplace based thereon including, but not limited to, expressly or impliedly representing itself or its goods or services as associated, affiliated, associated with, or authorized by Plaintiff;

4.   Restraining Defendant from inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts;

5.   Restraining Defendant from passing off to the public that their businesses or goods or services are those of or authorized by Plaintiff; and

6.   Restraining Defendant from engaging in any other conduct that will cause, or is likely to cause, confusion, mistake, deception or misunderstanding as to the affiliation, connection, or association or origin, sponsorship, or approval of their businesses, goods, or services with or by Plaintiff or that is likely to dilute the connection between Plaintiff and the Trademark.

B.   Ordering that Defendant immediately transfer to Plaintiff the Infringing Domain and any other domain names that incorporate the Theorem Trademarks.

C.   Ordering that Defendant immediately remove all signs, of whatever nature, form, or location, which contain the Theorem Trademarks or any derivations thereof.

D.      Ordering that Defendant cancels, removes, and destroys all advertising, job listings, promotional materials, and all documents whatsoever and of whatever nature or form which bear or contain the Theorem Trademarks or any derivation thereof.

E.      Ordering that Defendant files with this Court and serve on counsel for Plaintiff within 30 days after service on Defendant of such Order, or within such period as this Court may direct, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with Defendant's obligations hereunder.

F.      For an accounting by Defendant of its sales and profits from the period commencing on the first date it used the Theorem Trademarks through the present.

G.      For an award of Defendant's profits and Plaintiff's damages resulting from Defendant's unlawful activities as set forth herein.

H.       For compensatory damages.

I.      For an award of treble damages where provided under law.

J.      For an award of the reasonable attorneys' fees and cost of suit incurred by Plaintiff.

K.      For such other further relief as this Court may deem equitable and proper.

<div style="margin-left:50%">

**OLENDERFELDMAN LLP**
Attorneys for Plaintiff

By:  */s/Christian J. Jensen*
          CHRISTIAN J. JENSEN (CJ1331)

</div>

Dated:  August 15, 2019